# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**NICHOLAS CHIACCHIARINI**,

    Plaintiff,

v.

**LOWNDES COUNTY, GEORGIA, et al.**,

    Defendants.

Civil Action No. 7:17-CV-2

## ORDER

Before the Court is Defendants Lowndes County, Georgia, Chris Prine, Mike Adams, Jack Priddy, and Stryde Jones' Motion to Dismiss (Doc. 27). On January 4, 2017, Plaintiff Nicholas Chiacchiarini filed a lawsuit (Doc.1) pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and under various state laws alleging violations of his constitutional rights arising from a January 3, 2015 incident. Arguing that Plaintiff neglected to file his lawsuit within the applicable statute of limitations, Defendants move the Court to dismiss Plaintiff's claims against them. For the following reasons, the Court grants Defendants' motion.

## I. BACKGROUND[1]

On January 3, 2015, Plaintiff was a patron at Rascal's Bar and Grill. Plaintiff alleges that at some point during the evening, Andrea Watford and Brighton Lampert, who worked at the bar, accused Plaintiff of giving Watford a

---

[1] The facts are taken from the Complaint and are accepted as true for the purposes of this motion.

marijuana cigarette. When Defendants Mike Adams and Jack Priddy, law enforcement officers with the Lowndes County Sheriff's Department, arrived at the scene, Plaintiff asserted his innocence. Plaintiff alleges that despite offering his full cooperation, Adams and Priddy without provocation caused Plaintiff "to be lifted up into the air from behind without warning and violently slammed to the ground, thus landing upon a cobblestone-like walkway." (Doc. 1, ¶¶ 13-15). The deputies then placed Plaintiff under arrest, threw him into the backseat of their vehicle, and transported him to the Lowndes County jail.

Upon arrival at the jail, medical personnel assessed Plaintiff's injuries and instructed that he be taken to the emergency room at the South Georgia Medical Center in Valdosta, Georgia. The emergency room staff evaluated Plaintiff and determined that he required emergency surgery to correct damage to his hip. Plaintiff then was airlifted to Shands Hospital in Gainesville, Florida.

During his subsequent hospitalization, Plaintiff learned that all charges against him in Lowndes County had been dismissed. Feeling wronged by those whose actions purportedly caused his injuries, immediately upon being released from the hospital, Plaintiff contacted an attorney to pursue a remedy for the damages he sustained. Plaintiff submitted an open records request to Defendants Lowndes County and Sheriff Chris Prine in the course of investigating the events underlying his claims. That request was denied on the premise that the circumstances leading to Plaintiff's arrest remained under

investigation by the Lowndes County Sheriff's Department. Defendants later charged Plaintiff with the misdemeanor offence of obstruction of a peace officer.

On January 4, 2017, Plaintiff filed suit against Defendants Lowndes County, Georgia, Chris Prine, Mike Adams, Jack Priddy, Stryde Jones, and others. In his Complaint, Plaintiff asserts three independent claims under § 1983: (1) Plaintiff accuses Defendants Adams, Priddy, and Jones of subjecting him to alleged use of excessive force in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments (Doc. 1, ¶¶ 26-29); (2) Plaintiff asserts that Defendants Prine and Lowndes County are liable for purported negligent hiring, training, and retention, which led to a violation of his constitutional rights (Doc. 1, ¶¶ 34-39); and (3) Plaintiff contends that Defendants Adams and Priddy illegally and maliciously arrested him (Doc. 1, ¶ 42). Plaintiff sets forth a separate claim under § 1986, in which he alleges that Defendants Prine, Adams, Priddy, and Jones, "[i]n an effort to cover-up and hide their misconduct, . . . conspired to misrepresent the facts and circumstances surrounding the injuries and damages suffered by Plaintiff." (Doc. 1, ¶ 42). Finally, Plaintiff contends that Defendants are liable for the injuries he sustained under the Georgia Constitution and under state law governing assault and battery and malicious arrest.

## II. DISCUSSION

A "Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."

3

Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment CSX Transp. Northern Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008). Defendants here argue that it is plain from the face of the Complaint that Plaintiff filed this lawsuit the day after the running of the statute of limitations. In the absence of any evidence warranting tolling of the statute, Defendants move the Court to dismiss Plaintiff's claims raised under federal law.

### A. Plaintiff's Claims Raised under Section 1983

Section 1983 does not contain an express statute of limitation. See 42 U.S.C. § 1983. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Wilson v. Garcia, 471 U.S. 261, 275-76 (1985).[2] Under Georgia law, "[a]ctions for injuries to the person shall be brought within

---

[2] In the introductory portion of his Compliant, Plaintiff asserts that this lawsuit "is brought for violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1985, and 1986." (Doc. 1, ¶ 1). However, Plaintiff sets forth no substantive allegations of any specific claim under § 1985. To the extent that Plaintiff intends to pursue remedies under §1985, his claims are statutorily barred. Like claims asserted under § 1983, claims brought under § 1985 are subject to the statute of limitations for personal injury actions in the forum state. See Trawinski v. United Technologies, 313 F.3d 1295 (11th Cir. 2002) (§ 1985 claim barred by two-year statute of limitations); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) ("As to the claims brought here under 42 U.S.C. §§ 1983 and 1985, precedent is clear that these are measured by the personal injury limitations period of the state."). Accordingly, the analysis herein discussed in relation to the timeliness of Plaintiff's § 1983 claims also applies to any § 1985 claims for which Plaintiff may attempt to recover.

two years after the right of action accrues." O.C.G.A. § 9-3-33; <u>Wellons v. Comm'r, Ga. Dep't of Corr.</u>, 754 F.3d 1260, 1263 (11th Cir. 2014) (per curiam).

It is plain from the face of Plaintiff's Complaint that he filed his lawsuit a day outside of the applicable statute of limitations. The facts as alleged show that Plaintiff's § 1983 claims accrued on January 3, 2015. Plaintiff did not file this action until January 4, 2017, one day too late. Plaintiff does not dispute that the Court's docket shows that he did not file his Complaint until January 4. However, Plaintiff argues that he actually began the filing process on January 3, but due to technical difficulties his filing was not completed until the early hours of the following morning.

On January 9, 2017, Plaintiff's counsel filed a Declaration of Technical Difficulty (Doc. 3), attempting to invoke the Court's administrative procedure regarding technical difficulties to remedy his late filing. In his affidavit, Plaintiff's counsel notes that he began the filing process from his home computer sometime around 10:30 p.m. on January 3. Counsel apparently did not have the appropriate equipment available to scan all of the necessary documents and had to resort to use of an app downloaded to his cell phone. At approximately 11:30 p.m., counsel states that he uploaded Plaintiff's Complaint, which was assigned Case Number 7:17-CV-1 and showed a filing date of January 3, 2017. But before counsel could successfully upload all of the required documents to complete the filing process, he began experiencing issues with his internet provider as well as

5

with his laptop computer. When he entered Case Number 7:17-CV-1 into CM/ECF, counsel could not access the file. He then had to begin the filing process anew, at which time the case was assigned Case Number 7:17-CV-2 with a filing date of January 4, 2017.

Plaintiff's counsel filed his affidavit in purported compliance with the Court's local rules. However, counsel misapprehends the nature of the rule upon which he relies in an effort to salvage his client's lawsuit. The Court's CM/ECF Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means provides on page four under the heading "Technical Failure & Maintenance" that "[i]n the event of a technical failure, a participant must file a declaration seeking relief from the court for not meeting a deadline as a result of the failure." "Technical failure" is defined as occurring at any time when "the Middle District of Georgia CM/ECF system is unable to accept filings continuously or intermittently over the course of any period of time greater than four (4) hours." Id. Specifically excluded from the Court's definition of technical failure is any issue "with a participant's internet server, hardware or software," which will not excuse untimely filing. Id. Plaintiff's counsel's declaration describes a series of technical issues he experienced with his own equipment, not with CM/ECF. Accordingly, no exception can be made for his ultimately untimely filing of his client's Complaint.

Even if the Court's administrative procedures allowed for a timeliness exception based on personal technical issues, Plaintiff's Complaint still would be subject to dismissal because Plaintiff's counsel did not timely file his declaration. The Court's guidelines provide that the declaration requesting relief from a filing deadline as a result of a technical failure "must be filed prior to 12:00 noon on the first day the court is open for business following the original deadline." Id. January 4 fell on a Wednesday, an ordinary day of operation for the Court. Plaintiff's counsel did not file his declaration until January 9, 2017, several days too late.

There are certain circumstances that may warrant the tolling of a § 1983 claim. In order to determine which tolling principles apply, federal courts typically refer to state law. Wallace v. Kato, 549 U.S. 384, 394 (2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitation."). Georgia law provides for statutory tolling under limited circumstances, including for persons suffering from certain disabilities, unrepresented estates, people absent from the state, and fraud. See O.C.G.A. §§ 9-3-90-99. There is no evidence here that any of the statutory bases for tolling apply. Nor has Plaintiff demonstrated that he is entitled to equitable tolling. The application of equitable tolling under Georgia law is extremely limited. See State v. Private Truck Council, Inc., 258 Ga. 531 (1988). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely

7

common state of affairs." Wallace, 549 U.S. at 396. However, equitable tolling may be "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Plaintiff has shown neither extraordinary circumstances nor diligence. While the Court certainly is sensitive to the fact that the Albany, Georgia community where Plaintiff's counsel maintains his practice was impacted by severe weather on January 2, 2017, counsel has not demonstrated how any power or internet outages on January 2 prevented him from timely filing his client's Complaint on January 3. Rather, it is apparent that counsel tarried in preparing this case for filing then fell victim to the not uncommon problem of malfunctioning computer equipment. As Judge Drake adroitly remarked in In re Harper,

> There is nothing 'extraordinary' about computer 'freezes.' This is an event that happens everyday [sic] in both commercial and personal environments, and is the reason that modern computers have automatic file back-ups, and that nearly all commercial and governmental databases are backed up at external locations. Had the Plaintiff been a hair more diligent and prepared for just such an eventuality, this matter would not be at issue today. The Court finds it hard to accommodate a . . . request for equitable tolling of a hard and fast deadline when [the Plaintiff] sat on its hands and waited until the last moment to meet said deadline.

489 B.R. 251, 260 (Bankr.N.D.Ga. 2013) (declining to apply equitable tolling principles where the plaintiff waiting until 11:45 p.m. to begin uploading a

complaint only to experience a computer freeze and miss the 12:00 a.m. deadline by two minutes and forty-four seconds).

Plaintiff was aware of his claims well in advance of the running of the statute of limitations and began pursing those claims as soon as he was released from the hospital. (Doc. 1, ¶ 20). The problem here thus is not a lack of knowledge but of preparation and diligence. Plaintiff's counsel admits that he did not begin the process of uploading Plaintiff's Complaint to CM/ECF until approximately 11:30 p.m., thirty minutes from the midnight deadline. The technical difficulties he encountered were preventable and far from extraordinary. Accordingly, finding no basis for tolling the statute of limitation, the Court grants Defendants' motion to dismiss Plaintiff's claims raised under § 1983.

### B. Plaintiff's Claims Raised under Section 1986

Plaintiff's claims asserted under 42 U.S.C. §1986 are also subject to dismissal. Section 1986 actions must be brought "within one year after the cause of action has accrued." 42 U.S.C. § 1986. The question of when a cause of action accrues is one of federal law. Rozar, 85 F.3d at 561. Under federal law a cause of action does not accrue until the plaintiff knew or should have known (1) that he suffered the injury forming the basis for his complaint; and (2) who inflicted the injury. Chappell v. Rich, 340 F.3d 1279, 1983 (11th Cir. 2003) (citing Mullinax v. McElhenny, 817 F.3d 711, 716 (11th Cir. 1987)).

It is evident from the ante litem notice[3] (Doc. 42-1) Plaintiff provided Defendants on December 11, 2015, that he knew of his potential conspiracy claim against Defendants at least as of that date. Plaintiff therefore had until December 11, 2016 in which to pursue this particular claim. He did not. Plaintiff's claims pursuant to § 1986 are accordingly dismissed as statutorily barred.

### C. Plaintiff's Remaining State Law Claims

Plaintiff's remaining claims against Defendants involve state law causes of action over which the Court may, but is not required to, exercise supplemental jurisdiction. 28 U.S.C. § 1367(a) (conferring federal courts with supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy). Once a plaintiff's federal claims are dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental

---

[3] Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers material outside the complaint. Fed.R.Civ.P. 12(b). But a court may consider a document without converting the motion to one for summary judgment if the document is (1) central to the plaintiff's claim and (2) undisputed. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in Horsley." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999)). Plaintiff purported to attach his ante litem notice to his Complaint as an exhibit. (Doc. 1, ¶ 20). The exhibit, however, was not uploaded. Defendants attached a copy of the notice to their reply brief, and Plaintiff has not otherwise contested the centrality of the document.

jurisdiction over the state claims against Defendant." Baggggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Pursuant to § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Id. at 1089.

The Court has now dismissed Plaintiff's claims against Defendants arising under federal law. The only remaining claims against Defendants are founded on state law, and the Court declines to exercise jurisdiction over those claims. Plaintiff's state law claims against Defendants are, therefore, dismissed without prejudice.

## III.   CONCLUSION

Upon review of Plaintiff's Complaint, the Court concludes that Plaintiff filed this lawsuit outside the statute of limitations applicable to his claims pursued under 42 U.S.C. §§ 1983, 1985, and 1986. The Court accordingly **GRANTS** Defendants' Motion to Dismiss Plaintiff's federal law claims. The Court declines to exercise supplemental jurisdiction of Plaintiff's remaining state law claims and dismisses those causes of action without prejudice.

**SO ORDERED** this 10th day of July, 2017.

                ***s/ Hugh Lawson***
                **HUGH LAWSON, SENIOR JUDGE**

aks