**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **NICHOLAS CHIACCHIARINI,** <br><br> Plaintiff, <br><br> v. <br><br> **LOWNDES COUNTY, GEORGIA, et al.,** <br><br> Defendants. | Civil Action No. 7:17-CV-2 (HL) |

### ORDER

Before the Court is Defendant Rascal's Bar & Grill, Inc.'s ("RBGI") Motion for Attorney's Fees and Expenses (Doc. 44). Defendant moves the Court to impose sanctions in the form of an award of attorney's fees against Plaintiff and/or his attorney Chevene B. King pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Defendant asserts that Plaintiff and/or his attorney are liable for Defendant's reasonable attorney's fees and costs incurred in defending this matter, which are the direct result of Plaintiff and/or his attorney pursuing patently frivolous claims against Defendant and causing unnecessary delay. As has become characteristic in this case, Plaintiff has filed no response to Defendant's motion. Upon consideration, the Court **GRANTS** Defendant's motion.

I. **BACKGROUND**

This case has been rife with delay and flagrant neglect by Mr. King from its inception. On January 4, 2017,[1] Mr. King filed a Complaint (Doc. 1) on behalf of Plaintiff Nicholas Chiacchiarini, alleging that Defendants Lowndes County, Georgia, Chris Prine, Mike Adams, Jack Priddy, Stryde Jones, Andrea Watford, Brighton Lampert, and RGBI were liable to Plaintiff under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendments resulting from a serious of events that occurred at RGBI on January 3, 2015. More than two months passed before Plaintiff requested that the Clerk's office issue summons for any of the named defendants. (Docs. 6-14). The Court entered an Order to Show Cause (Doc. 16) on April 7, 2017, directing Plaintiff's counsel to show cause why the case should not be dismissed for failure to serve the defendants within the time frame required by Federal Rule of Civil Procedure 4(m).

Even after the Court provided Mr. King the opportunity to explain why he had failed timely to serve Defendant RGBI, Mr. King neglected to do so. Instead,

---

[1] Notably, Mr. King filed this lawsuit one day outside of the applicable statute of limitations. Mr. King attempted to salvage his client's case by invoking the Court's administrative procedures for technical difficulties. The Court later concluded that Mr. King's reliance on these provisions was misplaced and determined that no exception existed to excuse the late filing of this case. (Doc. 45, pp. 6, 8-9). The Court ultimately dismissed Plaintiff's claims against Defendants Lowndes County, Georgia, Chris Prine, Mike Adams, Jack Priddy, Stryde Jones, Andrea Watford, and Brighton Lampert for failure to file the lawsuit within the statute of limitations. (Doc. 45, 48).

Mr. King presented proof of serving four of the other defendants and suggested that because those defendants had received service, Plaintiff's claims against the remaining defendants should not be dismissed. (Doc. 19). Mr. King made no effort to provide the Court with any good cause basis to extend the time for service. Nevertheless, the Court afforded Plaintiff an additional 10 days in which to serve the remaining defendants, including RGBI.

Once Plaintiff finally served RGBI with a copy of the Summons and Complaint, counsel for RGBI immediately contacted Mr. King by telephone to inform him that RGBI was not a proper party to the lawsuit. (Doc. 28-3, p. 2; Doc. 44-1, p. 2). RGBI's counsel faxed a letter to Mr. King stating the same. (Id.). As evidence that RGBI was improperly named as a defendant to this action, counsel for RGBI provided Mr. King with a copy of the Bill of Sale for the restaurant, which indicated that on February 1, 2012, three years before the events relevant to this lawsuit, RBGI sold the restaurant, its assets, and the "Rascal's" name to Andrew Corrao. (Doc. 28-2, ¶ 5, p. 4-5; Doc. 44-1, p. 2). Since that time, the restaurant has been operated by numerous owners. RGBI further informed Mr. King that on the date in question the establishment was known as Rascal's Lounge and Restaurant and was owned by Joshua Allen. (Id.).

Fourteen days following initial contact with Mr. King, RGBI's counsel again contacted Mr. King and informed him that RGBI sold the business years before the alleged incident and had no connection to Plaintiff or the other defendants.

3

(Doc. 44-1, p. 2). Mr. King assured RGBI that he would dismiss the entity as a party. (Doc. 44-1, p. 2). RGBI's counsel confirmed this interchange by email several days later. (Doc. 28-3, p. 1).

Despite Mr. King's representation that he would file an appropriate notice of dismissal with the Court, he did not. Thus, RGBI was forced to file a motion to dismiss to preserve its rights. (Doc. 28). Again, Mr. King did not file a response to RGBI's motion. Even when the Court provided Mr. King with additional time in which to respond, Mr. King still refused to capitulate that RGBI was not a proper defendant and left it to the Court to determine whether RGBI was properly joined. (Doc. 39). The Court later granted RGBI's motion. (Doc. 43).

As a result of Mr. King's failure to dismiss RGBI as a defendant, even after being informed on numerous occasions that RGBI no longer owned the premises in question, RGBI not only had to file a motion to dismiss but also was required to comply with the Court's Rule 16 and 26 Order. RGBI, along with the other named defendants timely completed and filed the discovery report without the input of Mr. King, who would not respond to Defendants' requests to confer. Consequently, RGBI incurred a total of $5,666.67 in attorney's fees and costs, which RGBI now seeks to recover.

## II. DISCUSSION

Defendant moves under Federal Rule of Civil Procedure 11 and under 28 U.S.C. § 1927 for the imposition of sanctions. Rule 11 provides in part that when

an attorney presents a pleading or motion to the Court, he certifies that, to the best of his knowledge and after a reasonable inquiry,

> [1] the claims, defenses, and other legal contentions were warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> [2] the factual contentions have evidentiary support or, if specifically so identified, will likely have support after a reasonable opportunity for further investigation or discovery. . . .

Fed.R.Civ.P. 11(b)(2)-(3). Whether an attorney has violated these requirements rests on" [1] whether the legal claims or factual contentions are objectively frivolous, and . . . [2] whether a reasonably competent attorney should have known they were frivolous." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010) (citing Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" on any attorney or party who violated the rule or who is responsible for the violation. Fed.R.Civ.P. 11(c)(1). Any sanction must be limited to that which is sufficient to deter repetition of the conduct and may include an order directing the payment of reasonable attorney's fees and sanctions to the moving party resulting from the violation. Fed.R.Civ.P. 11(c)(4).

Rule 11 contains a safe harbor provision, which requires a moving party to serve the offending party with a copy of the motion at least 21 days prior to filing the motion with the Court. Fed.R.Civ.P. 11(c)(2). The moving party cannot file the

5

motion if, within those 21 days, the offending party either withdraws or corrects the offensive conduct. Id. Here, there is no evidence that Defendant served a copy of its motion seeking sanctions prior to filing the motion with the Court. Accordingly, the Court declines to impose sanctions under Rule 11.

Alternatively, Defendant requests an award of attorney's fees and costs pursuant to 28 U.S.C. § 1927. Under § 1927, a court may require any attorney "who so multiplies the proceedings in any case unreasonably or vexaciously . . . to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." Any attorney does so "only when the attorney's conduct is so egregious that is it 'tantamount to bad faith.'" Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007). When assessing bad faith, the court should look to the attorney's objective conduct. Id. at 1239-40 ("The term 'unreasonably' necessarily connotes that the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The terms 'vexatiously' similarly requires an evaluation of the attorney's objective conduct."). The multiplication-of-proceedings element requires evidence that the attorney engaged in conduct that leads to proceedings that would not otherwise have been conducted. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997).

After a thorough review of the history of this case, the Court concludes that Mr. King's conduct amounts to bad faith. Mr. King was advised on numerous occasions that RGBI was not a proper party to this case, a fact proven to be true and which Mr. King could have confirmed easily and swiftly, yet he refused to take the proper steps to dismiss RGBI. He needlessly dragged out the litigation, wasting both RGBI's time and the Court's. Accordingly, the Court grants RGBI's motion and awards RGBI $5,666.67, to be paid by Mr. King. This figure is based on 18.5 hours of legal work at a rate of $300 per hour, which the Court finds reasonable, plus expenses of $116.67.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** RGBI's Motion for Attorney's Fees and Expenses (Doc. 44). Mr. King is to submit a check made payable to Robert A. Plumb, Jr. by not later than September 15, 2017. Failure to timely remit payment may result in the imposition of additional sanctions.

**SO ORDERED** this 15th day of August, 2017.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks